# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

In re:

Kevin P White, et al,

FILED: MARCH 25,2008

08CV1585   VCF

JUDGE MARVIN E. ASPEN

        Plaintiff(s),        CASE NO.   08-10137

     v.                  JUDGE      Victoria A Roberts

WM Specialty Mortgage, LLC et al

        Defendant(s).
_____

## **NOTICE OF MULTI DISTRICT LITIGATION TRANSFER**

TO:   U.S. District Court
       Northern District of Illinois
       219 S. Dearborn Street, 20th Floor
       Chicago, IL 60604

     The above entitled case has been transferred to your Court pursuant to a

CONDITIONAL TRANSFER ORDER .  A certified copy of the docket and the transfer order are

enclosed for consolidation with your Multi District Litigation 1715. The remainder of the docket

entries are available using Pacer.

     Please acknowledge receipt of these documents by returning a time-stamped copy of this

notice.

## **NOTICE TO LITIGANTS**

     Please take notice that the above case has been transferred to the above named Court

for inclusion in MULTI DISTRICT LITIGATION 1715.  Please file all future documents with the

court listed above.

                       DAVID J. WEAVER, CLERK OF COURT

Date: March 27, 2008          By_____s/Sarah Schoenherr_____
                                     Deputy Clerk

## **CERTIFICATION**

     I hereby certify that this Notice was served on the parties and/or counsel of

record.

                       DAVID J. WEAVER, CLERK OF COURT
Date:  March 27, 2008      By_____s/Sarah Schoenherr_____
                                     Deputy Clerk

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FEB 1 1 2008

FILED
CLERK'S OFFICE

A CERTIFIED TRUE COPY

FEB 2 7 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

FILED
CLERK'S OFFICE

MAR 2 5 2008

CLERK'S OFFICE
DETROIT

IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION

MDL No. 1715

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO-37)**

FILED          CEM
FEBRUARY 27, 2008
08CV1585
JUDGE ASPEN

On December 13, 2005, the Panel transferred five civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 408 F.Supp.2d 1354 (J.P.M.L. 2005). Since that time, 300 additional actions have been transferred to the Northern District of Illinois. With the consent of that court, all such actions have been assigned to the Honorable Marvin E. Aspen.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Aspen.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of December 13, 2005, and, with the consent of that court, assigned to the Honorable Marvin E. Aspen.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

FEB 2 7 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

I hereby certify that the foregoing is a
true copy of the original on file in this
Office.
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
By
Deputy

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By s/ LAURA SPRINGER
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHER
DISTRICT OF ILLINOIS

DATE: MARCH 25, 2008

**IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION**          MDL No. 1715

### SCHEDULE CTO-37 - TAG-ALONG ACTIONS

**DIST. DIV. C.A. #**          **CASE CAPTION**

ALABAMA SOUTHERN
~~ALS   1   07-859~~          ~~Minnie A. Lindsay, et al. v. Ameriquest Mortgage Co., Inc., et al.~~
                    Opposed 2/27/08
ALS   1   07-882          Claude Williams, et al. v. Ameriquest Mortgage Co. - 08cv1581
ALS   1   08-44          Madison Pittman, et al. v. Ameriquest Mortgage Co. - 08cv1582

GEORGIA NORTHERN
GAN   1   06-3147          Joyce Marie Griggs v. Ameriquest Mortgage Co. - 08cv1583

KENTUCKY WESTERN
KYW   3   08-47          James E. Null, et al. v. Ameriquest Mortgage Co., et al.  - 08cv1584

MICHIGAN EASTERN
MIE   2   08-10137          Kevin P. White, et al. v. WM Specialty Mortgage, LLC, et al. - 08cv1585

CLOSED, STAYED

# U.S. District Court
## Eastern District of Michigan (Detroit)
### CIVIL DOCKET FOR CASE #: 2:08-cv-10137-VAR-SDP
#### Internal Use Only

White et al v. WM Specialty Mortgage, LLC et al

Assigned to: District Judge Victoria A Roberts

           Magistrate Judge Steven D Pepe

Case in other court:

Cause: No cause code entered

Date Filed: 01/09/2008

Date Terminated: 03/25/2008

Jury Demand: Both

Nature of Suit: 480 Consumer Credit

Jurisdiction: Federal Question

**Plaintiff**

**Kevin P White**            represented by **Fred R. Schmerberg**
209 E. Michigan Avenue
Saline, MI 48176
734-429-4936
Fax: 734-944-0401
Email: fred@schmerberg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Julie A White**            represented by **Fred R. Schmerberg**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**WM Specialty Mortgage, LLC**            represented by **Thomas M. Schehr**
Dykema Gossett
400 Renaissance Center
Detroit, MI 48243
313-568-6800
Fax: 313-568-6659
Email: tschehr@dykema.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ameriquest Mortgage Company**            represented by **Thomas M. Schehr**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

I hereby certify that the foregoing is a
true copy of the original on file in this
Office.
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
By _____
        Deputy

**Defendant**

**Michael C Campbell**
*Doing business as*
Campbell Appraisal Service

| Date Filed | # | Docket Text |
|---|---|---|
| 01/09/2008 | 1 | NOTICE OF REMOVAL by WM Specialty Mortgage, LLC, Ameriquest Mortgage Company from Lenawee County Circuit Court, case number 07-2809. Receipt No: 566176 - Fee: $ 350 (JCre) (Entered: 01/10/2008) |
| 01/09/2008 | 2 | STATEMENT of DISCLOSURE of CORPORATE AFFILIATIONS and FINANCIAL INTEREST by WM Specialty Mortgage, LLC, Ameriquest Mortgage Company (JCre) (Entered: 01/10/2008) |
| 01/11/2008 | 3 | MOTION to Stay *of All Proceedings* by WM Specialty Mortgage, LLC, Ameriquest Mortgage Company. (Attachments: # 1 Index of Exhibits Index# 2) (Schehr, Thomas) (Entered: 01/11/2008) |
| 01/14/2008 | 4 | NOTICE of Telephone Conference on Pending Motion. (LVer) (Entered: 01/14/2008) |
| 01/24/2008 |  | Minute Entry -Telephone Conference held on 1/24/2008 before Honorable Victoria A Roberts. (CPin) (Entered: 02/15/2008) |
| 02/06/2008 | 5 | ORDER STAYING CASE. Signed by Honorable Victoria A Roberts. (LVer) (Entered: 02/06/2008) |
| 03/06/2008 | 6 | [Informational Copy] MDL Non-Certified Transfer Order (CTO-37) To Northern District of Illinois - MDL # 1715. (SSch) (Entered: 03/11/2008) |
| 03/11/2008 |  | (Court only) ***Motions terminated: 3 MOTION to Stay *of All Proceedings* filed by Ameriquest Mortgage Company, WM Specialty Mortgage, LLC. Disposition: Granted by Order 5 on 2/6/08 (CPin) (Entered: 03/11/2008) |
| 03/25/2008 | 7 | MDL Certified Transfer Order To Northern District of Illinois - MDL # 1715. (SSch) (Entered: 03/27/2008) |
| 03/27/2008 | 8 | NOTICE transferring case to *NORTHERN DISTRICT OF ILLINOIS*. (SSch) (Entered: 03/27/2008) |

Receipt Number

5006176

40

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KEVIN P. WHITE AND JULIE A. WHITE,

Exhibit A

      Plaintiffs,

vs.

WM SPECIALTY MORTGAGE LLC,
WITHOUT RECOURSE; AMERIQUEST
MORTGAGE COMPANY, and MICHAEL C.
CAMPBELL d/b/a Campbell Appraisal Service,

      Defendants.

Case: 2:08-cv-10137
Judge: Roberts, Victoria A
Referral MJ: Pepe, Steven D
Filed: 01-09-2008 At 04:03 PM
REM WHITE, ET AL V. WM SPECIALTY MO
RTGAGE, LLC, ET AL (TAM)

---

Fred R. Schmerberg (P29895)
Law Offices of Fred R. Schmerberg
Attorney for Plaintiffs
209 E. Michigan Avenue
Saline, MI 48176
(734) 429-4936 (Phone)
(734) 944-0401 (fax)

Thomas M. Schehr (P54391)
Dykema Gossett PLLC
Attorneys for Defendants
  WM Specialty Mortgage LLC and
  Ameriquest Mortgage Company
400 Renaissance Center
Detroit, MI 48243-1668
(313) 568-6659 (phone)
(313) 568-6658 (fax)

---

## NOTICE OF REMOVAL

Defendants Ameriquest Mortgage Company and WM Specialty Mortgage LLC

("Defendants"), by counsel Dykema Gossett PLLC give notice that the above action is removed

from the Lenawee County Circuit Court, Case No. 07-2809-CZ, in which Court the case is now

pending, to the United States District Court for the Eastern District of Michigan.

IN SUPPORT, Defendants state as follows:

1.      On or about November 20, 2007, an action was commenced against Defendants in

the Lenawee County Circuit Court, State of Michigan, Case No. 07-2809-CZ and service was

effected on Defendants on or about December 10, 2007. Copies of all process, pleadings and

orders served upon or received by Defendants in this action are attached as Exhibit A.

2.      This Notice of Removal is filed within 30 days of Defendants' receipt of

Plaintiffs' Complaint setting forth their claims for relief, and is timely filed under 28 U.S.C. § 1446(b).

3.     This Court has original subject matter jurisdiction over this matter under 28 U.S.C. § 1331 (federal question), because Plaintiffs have set forth a federal claim for alleged violation of the Truth in Lending Act ("TILA") , 15 U.S.C. § 1601, *et seq.* This Court has original jurisdiction over claims arising under TILA and its implementing regulations. Plaintiffs allegations in Paragraphs 31-52 of the Complaint and the relief sought are governed by TILA. The Court has supplemental jurisdiction over all other claims in Plaintiffs' complaint under 28 U.S.C. § 1367.

4.     Venue of this action is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

5.     On information and belief, Defendant Michael C. Campbell has not been served with the Complaint. Therefore, all defendants that have been served have consented to removal.

6.     WHEREFORE, Defendants give notice of removal of this action from the Lenawee County Circuit Court, State of Michigan, to this Court.

Respectfully submitted,

Of counsel:

By: _Thomas M. Schehr_ (signature)

Thomas M. Schehr (P54391)
Dykema Gossett PLLC
Attorneys for Defendants
WM Specialty Mortgage LLC and
  Ameriquest Mortgage Company
  400 Renaissance Center, 35th Floor
Detroit, MI 48243-1668
(313) 568-6659 (phone)
(313) 568-6658 (fax)
Email: tschehr@dykema.com

Bernard LeSage
BUCHALTER NEMER, P.C.
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-2457
(213) 891-5230 (phone)
(213) 630-5715 (fax)

DATED: January 8, 2008

DET01\590026.1
ID\TMS

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•400 RENAISSANCE CENTER•DETROIT, MICHIGAN 48243





# STATE OF MICHIGAN

## IN THE LENAWEE COUNTY CIRCUIT COURT

KEVIN P. WHITE AND JULIE A. WHITE,

        Plaintiffs,

v

WM SPECIALTY MORTGAGE LLC, WITHOUT
RECOURSE., AMERIQUEST MORTGAGE COMPANY,
and Michael C. Campbell d/b/a Campbell Appraisal Service,

        Defendants.

No. 07- 2804  -
Hon. _Henry Koseki_

Law Offices of Fred R. Schmerberg
Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936

There is no other pending or resolved civil action arising out of the transaction or
occurrence alleged in the complaint.

## COMPLAINT AND JURY DEMAND

    Plaintiffs, through their attorney, the Law Offices of Fred R. Schmerberg, state as follows for
their complaint:

### INTRODUCTION

    1.    This is an action for damages and equitable relief from an exorbitant mortgage which

Defendants improperly provided to Plaintiffs.  Plaintiffs bring their claims under the Federal

Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, the Mortgage Brokers, Lenders and Services

Licensing Act, MCL 445.1673, and common law.  Plaintiffs seek injunctive relief from

foreclosure, rescission of the mortgage, money damages, and attorney fees.

## PARTIES and JURISDICTION

2.    Plaintiffs, Kevin P. White and Julie A. White, are husband and wife, who together own and live in their single-family home at 4314 North Adrian Highway, Adrian, Michigan 49221, in Lenawee County.  They have owned their home since May 30, 2003. The legal description of their home is:

> Land being in center line M-52 1069 feet North from SE corner
> Section 13, running thence W 409.55 feet thence northerly 120.4
> feet thence E 408.95 feet to Center M-52 thence S along center SD
> highway 120 feet to point of beginning Section 13.

3.    WM Specialty Mortgage LLC, Without Recourse ("WM Specialty") is a Delaware limited liability company that conducts business in Michigan and is licensed to do so.

4.    Ameriquest Mortgage Company ("Ameriquest") is a mortgage broker, lender, and servicer licensed and doing business in Michigan.

5.    Upon information and belief, Michael C. Campbell ("Campbell") is an individual who is a State licensed real estate appraiser (license # 1201007845), doing business in Michigan and in Lenawee County as Campbell Appraisal Service.

6.    Lenawee County is the proper venue for this action since Plaintiffs reside there and their home, the subject of this litigation, is located there. All Defendants do business in Lenawee County.

7.    This Court has jurisdiction over this claim as the amount in controversy exceeds $25,000 and Plaintiffs seek equitable relief, including and injunction.

## FACTS

8.    Plaintiffs incorporate the allegations contained in all preceding paragraphs.

9. On or about March 15, 2005, after repeated solicitations by Ameriquest, Plaintiffs entered into an adjustable rate mortgage secured by their home in the amount of $221,000, which was brokered by and financed by Ameriquest. The mortgage had a disclosed annual percentage rate (APR) of 10.358%.

10. Before obtaining this mortgage, Plaintiffs had a fixed rate 6.5% mortgage with Washington Mutual FA with a balance owing of only $173,248 and monthly payments of only $1,379.83, which included tax and insurance escrow.

11. The new adjustable rate mortgage substantially increased Plaintiffs' monthly mortgage payment to $2,073.43, which includes tax and insurance escrow for the first two years of the loan and, after the first adjustment date, to $2,507.70 per month after that.

12. Defendant Ameriquest charged Plaintiffs over $16,500 in costs and fees in connection with this loan.

13. Using money that was collected from Plaintiffs, Ameriquest hired Campbell to determine the value of Plaintiffs' home for the purpose of determining the amount of loan that the property would support. Campbell was paid $450 by Ameriquest for his appraisal of Plaintiffs' home, and Plaintiffs' paid this same $450 to Ameriquest to cover the appraisal fee that Campbell received to appraise Plaintiffs' home.

14. Campbell determined the value of the Plaintiffs' home on March 12, 5005, to be $240,000, and issued a written report to Ameriquest to this effect.

15. In determining the value of Plaintiffs' home on March 12, 2005, Campbell considered the sale price of other comparison homes that Campbell represented in his report as "comparable" to Plaintiffs' home.

3

16. The other property sales that Campbell represented in his appraisal report as comparable in value were so dissimilar to Plaintiffs' home that they were not accurate representations of the value of Plaintiffs' home. In fact, the comparison properties used by Campbell in his appraisal report were all significantly more valuable than Plaintiffs' property.

17. In Campbell's appraisal report of Plaintiffs' property, Campbell misrepresented the features of the comparison properties, and misrepresented the adjustments in the sales price that would be necessary to compare the sale prices of these properties to the value of Plaintiffs' property. For example:

  a. "Comparable No. 1" in Campbell's appraisal report was reported as having no basement and no fireplace, when it actually has a partially finished basement and a fireplace,

  b. "Comparable No. 2" in Campbell's appraisal report is situated on 11 acres, but the appraisal report misidentifies the lot area as 1.1 acres, and no value adjustment was applied for the disparity in the value of the extra acreage (Plaintiffs' property is on 1.13 acres). In addition this "Comparable" was reported as having no basement and one fireplace, when it actually has a partially finished basement and two fireplaces,

  c. "Comparable No. 3" is a lakefront home over 16 miles away from Plaintiffs' home, with significant extra value for this waterfront feature, but Campbell misrepresented the home as "lake view" only, and adjusted the price by only $15,000.

  d. "Comparable No. 4" in Campbell's appraisal report was reported as having one kitchen area and one fireplace, when it actually has two kitchens and two fireplaces.

18. As a result of the misrepresentation of the features of the comparison properties, Campbell reported the value of Plaintiffs' property to be far in excess of its true fair market value on March 13, 2005.

19. Plaintiffs relied on Campbell's appraisal and report of the value of their home, and would not have entered into their mortgage transaction with Ameriquest but for the representation of their property's value, prepared by Campbell and communicated to Plaintiffs' through Ameriquest.

20. If the appraisal of Plaintiffs' home performed by Campbell had not determined the value to be at least $240,000, Plaintiffs would not have qualified for the loan that they ultimately received, and the mortgage refinance transaction would not have occurred.

21. Plaintiffs' agreement and consent to entering into a loan and mortgage with Ameriquest was contingent upon their property having a fair market value of not less than $240,000.

22. Plaintiffs' relied upon the determination of the fair market value of their home provided by Ameriquest and Campbell when they agreed to go forward with the loan after review of the appraisal of their home's value as determined by Ameriquest and Campbell.

23. Plaintiffs would not have agreed to enter into the mortgage and loan with Ameriquest if they had known that their home had a fair market value of less than $240,000.

24. Upon information and belief, Ameriquest encouraged Campbell to find "Comparables" for his appraisal and report that would justify a high appraised value for Plaintiffs' property, because absent an appraised value of $240,000 there would have been no loan refinance transaction, and no 5% loan discount fee (or other financial incentives) paid to Ameriquest.

25. As a result of the misrepresentation and overstatement of the value of Plaintiffs' home, Campbell and Ameriquest caused Plaintiffs to enter into a mortgage refinance that they knew Plaintiffs could not afford, secured by a house in which there was insufficient equity to justify the placement of the loan.

26. As a consequence of the misrepresentation and overstatement of the value of Plaintiffs' home by Campbell and Ameriquest, Plaintiffs are now unable to obtain a new mortgage loan to replace their Ameriquest mortgage, because the actual value of the Plaintiffs' home is only $181,000, and they owe in excess of $220,000 on their current mortgage debt.

27. Defendants Ameriquest and Campbell caused Plaintiffs to enter into a mortgage and loan that they knew Plaintiffs could not afford to repay.

28. Sometime prior to September 14, 2007, Ameriquest assigned Plaintiffs' mortgage to Defendant WM Specialty.

29. Because Defendants placed Plaintiffs into a mortgage they could not afford, Plaintiffs have been unable to make the monthly payments.

30. WM Specialty began foreclosure proceedings against Plaintiffs on November 1, 2007, and the sheriff's sale is presently scheduled for November 29, 2007.


## CLAIMS

### COUNT I – TRUTH IN LENDING ACT (Rescission): Ameriquest and WM Specialty

31. Plaintiffs incorporate the allegations contained in all preceding paragraphs.

32. This is an action pursuant to the Truth in Lending Act ("TILA"), codified at 15 U.S.C. Sec 1601 et. seq. TILA was enacted by Congress in 1968 as Title I of the Consumer Protection Act. TILA is a remedial statute that is to be construed liberally. *Ellis v. GMAC*, 160 F.3d 703, 707 (11th Cir. 1998).

33. The Federal Reserve Board adopted Regulation Z shortly after enactment of the 1968 Act. Regulation Z can be found at 12 CFR 226.1 et seq. The purpose of TILA and Regulation Z is to promote the informed use of credit and level the playing field between competing creditors.

34. The law is designed to protect consumers in credit transactions by requiring the clear disclosure of the key terms and costs of the lending transaction. The goal of TILA is to enable the consumer to understand what their actual costs of borrowing will be on a given transaction.

35. TILA intends to provide consumers with an informed understanding of the cost of credit by forcing lenders to make certain disclosures.

36. Additionally, TILA provides for material disclosures under 15 U.S.C. Sec. 1601 (u), which includes "the annual percentage rate, the method of determining the finance charge and the balance upon which a finance charge will be imposed, the amount of the finance charge, the amount to be financed, the total of payments, the number of and amount of payments, the due dates or periods of payments scheduled to repay the indebtedness, and the disclosures required by [15 U.S.C. Sec. 1639 (a).]."

37. The disclosure statement that Defendants provided to Plaintiffs violated TILA and Regulation Z in many ways including but not limited to: failing to include in the finance charge certain charges imposed by Defendants and payable by Plaintiffs incident to the extension of credit. Such amounts include but are not limited to:

a. a "loan discount fee" in the amount of $11,050,
b. an appraisal fee of $450;
c. a "tax related service fee" of $70,
d. a "flood search fee" of $9,
e. a "lender's processing fee": of $625,
f. a lender's "administrative fee" of $239
g. an application fee of $360,
h. a "settlement or closing fee" of $150.
i. a courier fee of $85
j. a notary fee of $400.
k. title insurance fee of $786.40, and
l. an excessive recording fee of $71.

38. Additionally, when a consumer is using their home as collateral for a loan, the TILA provides the consumer with the right to cancel non-purchase money loans that include liens on their homes. See 15 U.S.C. Sec. 1635 (a).

39.  The right to cancel may be exercised until midnight of the third business day after the loan is consummated. This right may be extended up to three years if the consumer borrower is not provided accurate material disclosures. See 15 U.S.C. Sec. 1635 (f).

40.  This consumer credit transaction was subject to Plaintiffs' right of rescission as described by 15 U.S.C. § 1635 and Regulation Z § 226.23 (12 C.F.R. § 226.23).

41.  In the course of this consumer credit transaction, Defendant failed to deliver all "material" disclosures required by the Act and Regulation Z, in the following ways:

   a.  By failing to properly and accurately disclose the "amount financed," using that term in violation of Regulation Z § 226.18(b) and 15 U.S.C. § 1638(a)(2)(A).
   b.  By failing to clearly and accurately disclose the "finance charge," using that term, in violation of Regulation Z §§ 226.4 and 226.18(d) and 15 U.S.C. § 1638(a)(3).
   c.  By failing to clearly and accurately disclose the "annual percentage rate," using that term in violation of Regulation Z § 226.18(e) and 15 U.S.C. § 1638(a)(4).

42.  Plaintiffs have a continuing right to rescind the transaction until the third business day after receiving all "material" disclosures described in paragraph 30, pursuant to 15 U.S.C. § 1635(a) and Regulation Z § 226.23(a)(3).

43.  On November 20, 2007, Plaintiffs rescinded the transaction by sending a notice of rescission to Defendants Ameriquest and WM Specialty by U.S. Mail, postage prepaid. A copy of this notice of rescission is attached to this complaint, incorporated herein, and labeled Exhibit A.

44.  Defendants have received a copy of Plaintiffs' notice of rescission by the date of the filing of this complaint, but less than 20 calendar days have passed since Defendant received a copy of Plaintiffs' notice of rescission. Nevertheless, Plaintiffs are of the information and belief that Defendants will refuse to take the action necessary or appropriate to reflect the termination of the security interest created under the transaction as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2), within 20 days, or ever, unless ordered to do so by this Court.

45. Defendants have failed to return to the Plaintiffs any money or property given by the Plaintiffs to anyone, including the Defendant, as required by 15 U.S.C. § 1635(b) and Regulation Z § 226.23(d)(2).

46. As a result of these violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a) and 1640(a), Defendants are liable to Plaintiffs for

 a. Rescission of this transaction.
 b. Termination of any security interest in Plaintiffs' property created under the transaction.
 c. Return of any money or property given by Plaintiffs to anyone, including the Defendant, in connection with this transaction.
 d. Twice the finance charge in connection with this transaction, but not less than $200 nor more than $2,000.
 e. The right to retain proceeds to vest in Plaintiffs.
 f. Actual damages in an amount to be determined at trial.
 g. Reasonable attorney's fees.

**COUNT II – TRUTH IN LENDING (DAMAGES): Ameriquest and WM Specialty**

47. Plaintiffs incorporate the allegations contained in all preceding paragraphs.

48. The mortgage at issue in this action is a consumer credit transaction within the meaning of the Truth in Lending Act (TILA), 15 U.S.C. § 1602 and Regulation Z, § 226.2.

49. The disclosure statement provided to Plaintiffs violated TILA and Regulation Z in ways including but not limited to: failing to include in the finance charge certain charges imposed by Defendants and payable by Plaintiffs incident to the extension of credit. Such amounts include but are not limited to:

 a. a "loan discount fee" in the amount of $11,050.
 b. an appraisal fee of $450;
 c. a "tax related service fee" of $70,
 d. a "flood search fee" of $9,
 e. a "lender's processing fee": of $625,

9

    f.  a lender's "administrative fee" of $239

    g.  an application fee of $360,

    h.  a "settlement or closing fee" of $150,

    i.  a courier fee of $85

    j.  a notary fee of $400,

    k.  title insurance fee of $786.40, and

    l.  an excessive recording fee of $71.

50. By improperly including certain charges in the amount financed which are actually finance charges, including but not limited to those described in paragraph immediately preceding, Defendants improperly disclosed the amount financed in violation of 15 U.S.C. § 1638(a)(2) and Regulation Z § 226.18(h).

51. By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed, 15 U.S.C. § 1606, Regulation Z § 226.22, Defendants understated the disclosed APR in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(c).

52. As a result of the above violations of TILA and Regulation Z, Defendants are liable to Plaintiffs in the amount of twice the finance charge, actual damages to be established at trial, and attorneys' fees and costs in accordance with 15 U.S.C. § 1640.

## COUNT III – MICHIGAN MORTGAGE BROKERS, LENDERS AND SERVICERS LENDING ACT: Ameriquest and WM Specialty

53. Plaintiffs incorporate the allegations contained in all preceding paragraphs.

54. Upon information and belief, all Defendants are licensed or registered under the Michigan Mortgage Brokers, Lenders and Servicers Lending Act, MCL 445.1651 et seq.

55. Defendants violated the Brokers Act in ways including but not limited to:

    a.  Failing to conduct business in accordance with the Act and other laws;

b.  Intentionally, or with gross negligence, failing to provide Plaintiffs required material disclosures;

c.  Engaging in fraud, deceit, and/or material misrepresentations in connection with this transaction;

d.  Charging Plaintiffs fees beyond those that were reasonable, necessary and the expenses actually incurred by Defendants in connection with this transaction;

e.  Causing Plaintiffs to pay charges more than once for the expenses incurred in connection with this transaction.

56.  As a result of Defendant's violations of the Act, Plaintiffs are entitled to $250 per violation or actual damages, whichever is greater, together with attorneys' fees, injunctive relief, and any other appropriate relief.


## COUNT IV –INJUNCTIVE RELIEF, EQUITY: WM SPECIALTY

57.  Plaintiffs incorporate the allegations contained in all preceding paragraphs.

58.  The sheriff's sale of the mortgage in question is scheduled for November 29, 2007.

59.  If the sale is performed, Plaintiffs will suffer irreparable harm, the loss of their home and the difficulty of redeeming it.

60.  Staying sale pending hearing on Plaintiffs' Motion for Injunctive Relief will not harm Defendants.

61.  Wherefore, Plaintiffs requests that this Court stay the sheriff's sale pending hearing on the issue of injunctive relief.


## COUNT V – BREACH OF FIDUCIARY DUTY: Ameriquest and WM Specialty

62.  Plaintiffs incorporate the allegations contained in all preceding paragraphs.

63.  Defendants Ameriquest and WM Specialty held themselves out as licensed mortgage brokers and actively solicited Plaintiffs' business.

64. They invited Plaintiffs' trust and confidence, and knew or should have known that Plaintiffs were unsophisticated consumers. Defendants entered into a fiduciary relationship with Plaintiffs, in which they agreed to obtain a mortgage loan which Plaintiffs could afford to repay, with a principal balance supportable by the actual fair market value of Plaintiffs' home, at the lowest available interest rate.

65. As Plaintiffs' fiduciaries, Defendants owed Plaintiffs duties of loyalty, honesty, good faith, and fair dealing.

66. By the acts described in this Complaint, including but not limited to failing to obtain the lowest available rate, failing to obtain an accurate appraisal of the fair market value of Plaintiffs' home, and failing to arrange a mortgage Plaintiffs could afford, Defendants breached their fiduciary duties to Plaintiffs.

67. As a result of Defendants' breaches of their duties, Plaintiffs have suffered damages, and are entitled to proper and appropriate compensation for them.

**COUNT VI – FRAUDULENT MISREPRESENTATION: Ameriquest and Campbell**

68. Plaintiffs incorporate the allegations contained in all preceding paragraphs.

69. Defendants Ameriquest and Campbell intentionally made false representations of material facts to Plaintiffs regarding the fair market value of Plaintiffs' home at the time of Plaintiffs' request to refinance their mortgage, as set forth in the preceding paragraphs.

70. Defendants representations were false when they were made.

71. Defendants' representations were made with the purpose of inducing Plaintiffs to execute their mortgage and mortgage loan with Ameriquest.

72. Defendants' misrepresentations of the fair market value of Plaintiffs' home concerned a material aspect of the transaction between Plaintiffs and Ameriquest.

73. Defendants knew that its representations were false when they were made, or they made them recklessly, without knowing whether they were true.

74. Defendants intended that Plaintiffs rely on the representations.

75. Plaintiffs relied on Defendants' false representations in the execution of their mortgage loan with Ameriquest.

76. As a result of Defendants' fraudulent misrepresentations, Plaintiffs entered into a loan and mortgage that should be rescinded, and Plaintiffs have suffered substantial economic losses.

## COUNT VII – INNOCENT MISREPRESENTATION:  Ameriquest and Campbell

77. Plaintiffs incorporate the allegations contained in all preceding paragraphs.

78. Defendants' representations, as set forth in the preceding paragraphs, were made in connection with the making of a contract between Plaintiffs and Defendant Ameriquest.

79. Defendants' representations were made with the purpose of inducing Plaintiffs to execute their mortgage and mortgage loan with Ameriquest.

80. Defendants' misrepresentations of the fair market value of Plaintiffs' home concerned a material aspect of the transaction between Plaintiffs and Ameriquest.

81. Plaintiffs would not have entered into their mortgage and mortgage loan with Ameriquest if Defendants had not made the representations.

82. As a result of Defendant's misrepresentations, Plaintiffs entered into a loan and mortgage that should be rescinded, and Plaintiffs have suffered substantial economic losses.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiffs ask this Court to:

1. Enjoin the sheriff's sale scheduled for November 29, 2007;

2. Enjoin foreclosure of the mortgage;

3. Rescind the mortgage or equitably reform it;

4. Award Plaintiffs statutory and actual damages, and attorneys' fees, as appropriate, and

5. Award any other appropriate relief.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues so triable.

I DECLARE THAT ABOVE STATEMENTS ARE TRUE TO THE BEST OF MY INFORMATION, KNOWLEDGE AND BELIEF.

_____
KEVIN P. WHITE

_____
JULIE A. WHITE

Date: 11/26/07

Law Offices of Fred R. Schmerberg

By: _____
Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936

14

# ONE WEEK CANCELLATION PERIOD

Loan Number: 0112918925 - 5649
Date: March 15, 2005

Borrower(s): KEVIN P WHITE
JULIE A WHITE

You have the right under Federal or state law to three (3) business days during which you can cancel your loan for any reason. This right is described in the Notice of Right to Cancel you have received today.

Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important financial decisions you can make. To give you more time to study your loan documents, obtain independent advice and/or shop for a loan that you believe suits you better, we provide you with one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to you. No money will be disbursed before 10:00 a.m. on the first business day after this period expires. Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the day the cancellation period ends. You may cancel by signing and dating in the request to cancel box below or by using any other written statement that provides your loan number and states your desire to cancel your loan. The written statement must be signed and dated by any one borrower. Your request must be delivered to:

Ameriquest Mortgage Company
1600 S Douglass Rd Anaheim, CA 92806
ATTN: Funding Department
Phone: (714)541-9960
Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

_____     _____
Borrower/Owner  KEVIN P WHITE                    Date

_____     _____
Borrower/Owner  JULIE A WHITE                     Date

_____     _____
Borrower/Owner                                            Date

_____     _____
Borrower/Owner                                            Date

**REQUEST TO CANCEL**
I/We want to cancel loan #, 0012918925-5649
_____     11/20/07
Borrower/Owner Signature                        Date

77777777070707000767852422177444400775352
761164480187333574384710662077606151778 2
122307590647747780122367265725740174770007
450 (1990)

03/15/2005 10:19:10 AM

**LENDER COPY**

EXHIBIT
A

# ONE WEEK CANCELLATION PERIOD

Loan Number: 0112918925 - 5649          Borrower(s): KEVIN P WHITE
Date: March 15, 2005                                          JULIE A WHITE

You have the right under Federal or state law to three (3) business days during which you can
cancel your loan for any reason. This right is described in the Notice of Right to Cancel you have
received today.

Ameriquest Mortgage Company believes that a loan secured by your home is one of the most important
financial decisions you can make. To give you more time to study your loan documents, obtain
independent advice and/or shop for a loan that you believe suits you better, we provide you with
one-week (which includes the day you sign the loan documents) to cancel the loan with no cost to
you. No money will be disbursed before 10:00 a.m. on the first business day after this period expires.
Business days are Monday through Friday, excluding federal legal holidays.

For example, if your loan closes on a Tuesday, you could cancel from that Tuesday through midnight of
the following Monday.

If you want to cancel, you must do so in writing and we must receive your request before midnight on the
day the cancellation period ends. You may cancel by signing and dating in the request to cancel box
below or by using any other written statement that provides your loan number and states your desire to
cancel your loan. The written statement must be signed and dated by any one borrower. Your request
must be delivered to:

> Ameriquest Mortgage Company
> 1600 S Douglass Rd Anaheim, CA 92806
> ATTN: Funding Department
> Phone: (714)541-9960
> Fax: (800)664-2256

When you sign below, it means that you have received and read a copy of this notice and you understand
what is printed above.

I/We hereby acknowledge receiving a copy of this notice on the date signed below.

Borrower/Owner  KEVIN P WHITE                                    Date

Borrower/Owner  JULIE A WHITE                                     Date

Borrower/Owner                                                              Date

Borrower/Owner                                                              Date

## REQUEST TO CANCEL

I/We want to cancel loan # 00129189425 - 5649

_Julie C. White_                                    _11/20/07_
Borrower/Owner Signature                              Date

7777777797070700078765242717744400775352
7811544801073333743847106820778081517782
12230756643732780122302283757401747770007
7800117113101223489420707

03/15/2005 10:19:16 AM

## LENDER COPY

# NOTICE OF RIGHT TO CANCEL

LENDER:   Ameriquest Mortgage Company

DATE:   March 15, 2005
LOAN NO.:   0112918925 - 5649
TYPE:   ADJUSTABLE RATE

BORROWER(S): KEVIN P WHITE       JULIE A WHITE

ADDRESS:      4314 N ADRAIN
CITY/STATE/ZIP:   ADRIAN, MI 49221

PROPERTY:   4314 N ADRAIN
ADRIAN, MI  49221

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1.  The date of the transaction, which is

**ENTER DOCUMENT SIGNING DATE**

3|15|05

or
2.  The date you received your Truth in Lending disclosures;
or
3.  The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Ameriquest Mortgage Company
1600 S Douglass Rd
Anaheim, CA 92806

ATTN:  FUNDING
PHONE: (714)434-3494
FAX:     (800)664-2256

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of

**ENTER FINAL DATE TO CANCEL**

3|18|05

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

SIGNATURE _____       DATE _____11/20/07_____

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

BORROWER/OWNER KEVIN P WHITE          Date       BORROWER/OWNER JULIE A WHITE          Date

BORROWER/OWNER          Date       BORROWER/OWNER          Date

**BORROWER COPY**

# NOTICE OF RIGHT TO CANCEL

LENDER: Ameriquest Mortgage Company

DATE: March 15, 2005
LOAN NO.: 0112918925 - 5649
TYPE: ADJUSTABLE RATE

BORROWER(S): KEVIN P WHITE      JULIE A WHITE

ADDRESS: 4314 N ADRAIN
CITY/STATE/ZIP: ADRIAN,MI 49221

PROPERTY: 4314 N ADRAIN
ADRIAN, MI 49221

You are entering into a transaction that will result in a mortgage/lien/security interest on your home. You have a legal right under federal law to cancel this transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

1. The date of the transaction, which is

**ENTER DOCUMENT SIGNING DATE**

3|15|05

or
2. The date you received your Truth in Lending disclosures;
   or
3. The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage/lien/security interest is also cancelled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage/lien/security interest on your home has been cancelled, and we must return to you any money or property you have given to us or anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

**HOW TO CANCEL**

If you decide to cancel this transaction, you may do so by notifying us in writing, at:

Ameriquest Mortgage Company
1600 S Douglass Rd
Anaheim, CA 92806

ATTN: FUNDING
PHONE: (714)634-3494
FAX: (800)664-2256

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of

**ENTER FINAL DATE TO CANCEL**

3|18|05

(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

I WISH TO CANCEL

Julie A. White
SIGNATURE

11/20/07
DATE

The undersigned each acknowledge receipt of two copies of this NOTICE OF RIGHT TO CANCEL and one copy of the Federal Truth in Lending Disclosure Statement, all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Public Law 96-221).

Each borrower in this transaction has the right to cancel. The exercise of this right by one borrower shall be effective to all borrowers.

| BORROWER/OWNER KEVIN P WHITE | Date | BORROWER/OWNER JULIE A WHITE | Date |
|---|---|---|---|
| BORROWER/OWNER | Date | BORROWER/OWNER | Date |

7777777070707090767552427177444007753352
7611544801073333743647105620776061517762
12230759043737760122307262775742076551007

JR4-NAC (Rev 11/03)

**BORROWER COPY**

STATE OF MICHIGAN

IN THE LENAWEE COUNTY CIRCUIT COURT

KEVIN P. WHITE AND JULIE A. WHITE,

        Plaintiffs,

v

WM SPECIALTY MORTGAGE LLC, WITHOUT
RECOURSE., AMERIQUEST MORTGAGE COMPANY,
and Michael C. Campbell d/b/a Campbell Appraisal Service,

        Defendants.

No. 07- 2809 - CZ
Hon.



Law Offices of Fred R. Schmerberg
Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936

## Order to Show Cause

At a session of court held in Adrian, Lenawee County,
State of Michigan, on _____.

PRESENT:   Honorable _____
            Lenawee County Circuit Court Judge

**UPON READING** the Verified Complaint and Motion for Ex Parte Temporary Restraining
Order and Preliminary Injunction Enjoining Sheriff's Sale on file herein and the declarations in
support filed concurrently with Plaintiffs' Complaint, and pursuant to MCR 3.310 which provides
that on a showing of the necessity for immediate action, the court may issue an order to show cause
in an action seeking an injunction enjoining sheriff's sale;

**IT IS HEREBY ORDERED** that Defendants appear before this Court on _____ at _____ .m. to show cause why an injunction enjoining sheriff's sale should not be immediately issued as requested in Plaintiffs' Complaint.

**IT IS FURTHER ORDERED** that Plaintiffs shall serve a copy of their Complaint, Motion for Ex Parte Restraining Order, and a copy of this Order to Show Cause on Defendant WM Specialty Mortgage LLC, Without Recourse, in the following ways:

1. To the attorney for said Defendant as indicated in the publication notice, being, Randall S. Miller & Associates, P.C., 43253 Woodward Ave., Suite 180, Bloomfield Hills, MI 48302, via:

☐ 1st class mail to the address indicated in the publication notice

☐ facsimile transmission to (248) 335-1335

☐ delivery at their address/place of business indicated above

2. To the Defendant WM Specialty Mortgage LLC Without Recourse via 1st class mail to their company address, which is 2711 Centerville Road Suite 400, Wilmington, DE 19808.

3. Other: _____

Proof of service shall be filed with the Court at or before the scheduled Show Cause Hearing.

Signed on November 27, 2007 at _____ m.

/s/ HARVEY A. KOSELKA

Circuit Court Judge

Prepared by:

Law Offices of Fred R. Schmerberg

By: _____
Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936



RULE-6.001

**STATE OF MICHIGAN**

**IN THE LENAWEE COUNTY CIRCUIT COURT**

KEVIN P. WHITE AND JULIE A. WHITE,

              Plaintiffs,

v

WM SPECIALTY MORTGAGE LLC, WITHOUT
RECOURSE., AMERIQUEST MORTGAGE COMPANY, and
MICHAEL C. CAMPBELL d/b/a Campbell Appraisal Service,

              Defendants.

No. 07-2809 -
Hon. Harvey Koselka

Law Offices of Fred R. Schmerberg
Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936

## Plaintiffs' Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction Enjoining Sheriff's Sale

Plaintiffs, through their attorney, the Law Offices of Fred R. Schmerberg, move for an ex parte temporary restraining order, and for a preliminary injunction after hearing, and state:

1. This is an action concerning a "predatory" mortgage obtained by Plaintiffs from Defendants.

2. Together with this motion, Plaintiffs have filed a verified Complaint alleging numerous violations of the Federal Truth in Lending Act, the Michigan Mortgage Brokers Act and common law. They seek both equitable relief and damages.

3. Defendant WM Specialty Mortgage LLC has initiated foreclosure proceedings against Plaintiffs' home, and the sheriff's sale is presently scheduled for November 29, 2007.

4. If the sale occurs, Plaintiffs will have only six months to redeem their property. The complexity of the claims herein make it likely that the case will not be concluded in that time.

5. Plaintiffs face irreparable harm, the loss of their home, if the sale occurs. They will suffer that harm from the delay required to effect notice, as set forth in their verified Complaint.

6. Defendants will not suffer harm from any delay, since they can reschedule the sale and the claim will continue to accrue interest during litigation.

7. Plaintiffs' attorney has attempted to contact the foreclosure attorneys for WM Specialty Mortgage LLC, and/or any other person in a position of authority on behalf of this Defendant, to request a delay of the sale, but has not received any response to that contact. See the Affidavit that follows this motion for evidence of these reasonable attempts.

8. As set forth in the attached brief, the factors to be considered indicate that a preliminary injunction should issue.

WHEREFORE, Plaintiffs ask this Court to issue an ex parte temporary restraining order as well as a preliminary injunction after hearing, preventing sheriff's sale of Plaintiffs' home until further order of this Court.

Dated: November 20, 2007

Law Offices of Fred R. Schmerberg

By: _____

Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936

# Affidavit of Fred R. Schmerberg

State of Michigan     )
                         )ss
County of Washtenaw )

Fred R. Schmerberg, being duly sworn, deposes and says:

1. I am an adult of suitable age and discretion, and this affidavit is based on my personal knowledge. I am competent to testify to these facts if called as a witness.

2. I represent Kevin and Julie White in connection with the mortgage foreclosure on their house located at 4314 N. Adrian, Adrian, Michigan 49221. Their loan number is Ameriquest loan # 0112918925-5649.

3. According to published notice (copy attached and labeled Exhibit A, there is a sheriff's sale of my clients' property scheduled for November 29, 2007. I have been trying for over a week to find someone to discuss this matter with me on behalf of WM Specialty Mortgage LLC. There are few if any experiences in my life that have been as frustrating as this effort.

4. Randall S. Miller & Associates, P.C. is the *attorney* for the lender according to the published notice. When I called this office I was told that no one there has authority to discuss my clients' concerns, and that I would have to call Citi Residential Lending in California.

5. I did this, and was told that I would have to fax authorization from my clients, and call back the next business day after 10 a.m. Pacific time.

6. I did this, faxing the signed client authority to both alternative fax numbers that Citi provided. Both faxes were received at 5:22 pm and 5:23 pm on Friday, November 16, 2007.

7. I called Citi back on Monday, November 19, 2007 in the afternoon (around 3:30 p.m. EST) and was told that it sometimes takes up to 24 hours to process fax authorizations, and that I should call back the next day.

8. I did this, and on November 20, 2007 at 11:43 a.m. EST I was told by Melissa at Citi that it takes 24 to 48 hours to process fax authorizations, and that I should call back tomorrow. When I asked Melissa if she could check the fax machine that received the faxes that I sent last Friday afternoon, she said that her employer prohibits her from getting up from her seat. She did suggest that someone would talk to me if I called back with my clients on the line to provide verbal authorization (which she suggested was a one-time special alternative), but my clients both work and cannot be reached to participate in a conference telephone call. That is why they prepared and signed the written authorization, which was faxed to Citi as instructed.

9. I wanted to talk to someone before filing this case because I wanted to try to seek consent to postpone the sheriff's sale, or at least explore reasonable alternative times for a possible emergency hearing on the request for an injunction contained in the lawsuit. It is the best I can do at this time to explain my efforts to the Court, and hope that the preliminary injunction is issued while I wait to hear from someone with authority to discuss the significant problems identified in my clients' complaint.

10. I faxed a letter outlining my efforts to Randall S. Miller & Associates, P.C. and to Citi Residential Lending on November 20, 2007. My contact information is on this letter. A copy of this letter is attached to this affidavit, and labeled Exhibit B.

On this 20th day of November, 2007, I declare that the affidavit above is true in all particulars to the best of my knowledge, information and belief.

Fred R. Schmerberg

On this 20th day of November, 2007 before me personally appeared Fred R. Schmerberg, who has made oath that he/she has read the foregoing Affidavit by him/her subscribed, and knows the contents thereof, and that the same is true of his/her own knowledge, except as to those matters which are therein stated to be on information and belief, and as to those matters, he/she believes them to be true.

_____
_____ , Notary Public
_____ County, Michigan
My commission expires: _____
_____

# LEGALS

**Notice of Mortgage Foreclosure Sale**

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.**

**FORECLOSURE NOTICE**

**AS A DEBT COLLECTOR, WE ARE ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE.**

**Notice of Mortgage Foreclosure Sale**

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.**

**Notice of Mortgage Foreclosure Sale**

**Notice of Mortgage Foreclosure Sale**

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.**

**Notice of Mortgage Foreclosure Sale**

**THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE. PLEASE CONTACT OUR OFFICE AT THE NUMBER BELOW IF YOU ARE IN ACTIVE MILITARY DUTY.**

EXHIBIT A

Law Offices of

# Fred R. Schmerberg
——————— o ———————

**209 East Michigan Ave.
Saline, MI 48176-1554**

Telephone (734) 429-4936
Facsimile (734) 944-0401

November 20, 2007

Citi Residential Lending
P.O. Box 11000
Santa Ana CA 92711 - 1000
Fax # (949)862-3764
Fax # (949) 862-3526

Randall S. Miller & Associates, P.C.
43252 Woodward Ave.
Bloomfield Hills, MI 48302
Fax # (248) 335-1335

Ameriquest Mortgage Company
712 Abbott Rd.
East Lansing, MI 48823

WM Specialty Mortgage LLC Without Recourse
2711 Centerville Rd.
Suite 400
Willmington DE 19808

Re: Ameriquest loan # 0112918925-5649
4314 N. Adrian, Adrian, Michigan 49221
Kevin & Julie White

Dear Lenders and Agents:

I represent Kevin and Julie White in connection with the mortgage foreclosure on their house located at 4314 N. Adrian, Adrian, Michigan 49221. Their loan number is referenced above.

The Whites have decided to exercise their right to cancel the loan transaction referenced above. Copies of their elections to this effect are enclosed.

According to published notice, there is a sheriff's sale of my clients' property scheduled for November 29, 2007. I have been trying for over a week to find someone to discuss this matter with me. There are few if any experiences in my life that have been as frustrating as this effort.

Randall S. Miller & Associates, P.C. is the *attorney* for the lender according to the published notice. When I called this office I was told that no one there has authority to discuss my clients' concerns, and that I would have to call Citi Residential Lending in California. I did this, and was told that I would have to fax authorization from my clients, and call back the next business day after 10 a.m. Pacific time. I did this, faxing the signed client authority to both alternative fax numbers that Citi provided. Both faxes were received at 5:22 pm and 5:23 pm EST on Friday, November 16, 2007.

I called Citi back on Monday, November 19, 2007 in the afternoon (around 3:30 p.m. EST) and was told that it sometimes takes up to 24 hours to process fax authorizations, and that I should call back the next day. I did this, and on November 20, 2007 at 11:43 a.m. EST I was told by Melissa that it takes 24 to


EXHIBIT
B

Letter to Lenders and Agents, White Mortgage                    November 20, 2007

─────────────── o ───────────────                                      Page 2 of 2

48 hours to process fax authorizations, and that I should call back tomorrow. When I asked Melissa if she could check the fax machine that received the faxes that I sent last Friday afternoon, she said that her employer prohibits her from getting up from her seat. She did suggest that someone would talk to me if I called back with my clients on the line to provide verbal authorization (which she suggested was a one-time special alternative), but my clients both work and cannot be reached to participate in a conference telephone call. That is why they prepared and signed the written authorization, which was faxed to Citi as instructed.

Attached to this fax please find a copy of a lawsuit that will be filed this afternoon. I wanted to talk to someone before filing this case is because I wanted to try to seek consent to postpone the sheriff's sale, or at least explore reasonable alternative times for a possible emergency hearing on the request for an injunction contained in the lawsuit. It is the best I can do at this time to explain my efforts to the Judge, and hope that the preliminary injunction is issued while I wait to hear from someone with authority to discuss the significant problems identified in my clients' complaint. My contact information is on this letter.

Very truly yours,
Law Offices of Fred R. Schmerberg

By: _____
Fred R. Schmerberg

FRS\
cc: Kevin & Julie White

STATE OF MICHIGAN

IN THE LENAWEE COUNTY CIRCUIT COURT

KEVIN P. WHITE AND JULIE A. WHITE,

           Plaintiffs,

v

WM SPECIALTY MORTGAGE LLC, WITHOUT
RECOURSE., AMERIQUEST MORTGAGE COMPANY,
and MICHAEL C. CAMPBELL d/b/a Campbell Appraisal Service,

           Defendants.

No. 07- 2809 -
Hon. *Harvey Kosatka*

Law Offices of Fred R. Schmerberg
Fred R. Schmerberg (P29895)
Attorney for Plaintiffs
209 East Michigan Avenue
Saline, MI 48176
(734) 429-4936

## Plaintiffs' Brief in Support of Motion for Ex Parte Temporary Restraining Order and Preliminary Injunction Enjoining Sheriff's Sale

Plaintiffs have filed a verified Complaint setting forth numerous violations of the Truth in Lending Act, the Michigan Brokers, Lenders and Servicers Act, and for equitable relief and damages as a result of Defendants' misconduct. A sheriff's sale of the mortgage involved is presently scheduled for November 29, 2007. Plaintiffs ask this Court to grant them an ex parte temporary restraining order of the sale and a preliminary injunction of the sale after hearing.

### I. Plaintiffs are entitled to a temporary restraining order and an injunction to preserve the status quo between the parties.

A temporary restraining order may be granted ex parte if the requesting party shows that they will suffer immediate and irreparable injury from the delay needed to give notice. MCR 3.310(B).

If the presently scheduled sheriff's sale of Plaintiffs' home occurs, Plaintiffs face the irreparable loss of their home and will have only six months to redeem the mortgage. This litigation may well take longer than that, and Plaintiffs are seeking to rescind or reform the mortgage at issue. Plaintiffs would suffer irreparable harm if their property is sold and they are unable to resolve their claims within the redemption period, and they will suffer that harm if the sale occurs before they are able to obtain a hearing on their motion for preliminary injunction. Plaintiffs are therefore entitled to an ex parte temporary restraining order pending hearing.

The purpose of a preliminary injunction is to preserve the status quo between the parties, as it existed prior to the controversy at bar, pending the outcome of litigation. *City of Detroit v Salaried Physicians Prof'l Ass'n UAW*, 165 Mich App 142, 151 (1987). In determining whether a preliminary injunction should issue, Michigan courts consider four factors: (1) the likelihood that the party seeking the injunction will prevail on its merits; (2) the danger that the party seeking the injunction will suffer irreparable injury if the injunction is issued; (3) the risk that the party seeking the injunction would be harmed more by the absence of an injunction than the opposing party would be by the granting of the relief; and (4) the harm to the public interest if the injunction is issued. *Campau v McMath*, 185 Mich App 724, 728-729 (1990) (citing *Michigan State Employees Ass'n v Dep't of Mental Health*, 421 Mich 152, 157-158 (1984)).

The factors in this case all weigh in favor of granting a preliminary injunction.

### A. Plaintiffs are likely to prevail on the merits.

The facts in this case are set forth in Plaintiffs' verified Complaint. Plaintiffs were placed into an exorbitant mortgage which they could not afford. Defendants grossly over-valued Plaintiffs' property when it was appraised to determine whether or not the loan should be made. Defendants misrepresented the value of the property so that the loan would go through and so that they could receive a 5% loan placement fee, knowing that Plaintiffs would not be able to afford the monthly

payment as soon as their new mortgage interest rate adjusted. Defendants collected over $16,500 in fees from this mortgage while failing to property disclose them.

### 1. Truth in Lending Act

Plaintiffs seek rescission of the mortgage and money damages under the Truth in Lending Act (TILA). TILA permits a mortgagor to rescind a loan within three years of its making if the lender fails to make the proper material disclosures. TILA requires a lender to properly, accurately disclose the finance charge, the amount financed, and the annual percentage rate (APR), and allows rescission and money damages where those disclosures are improper.

When TILA violations and rescission claims are raised in defense to a foreclosure, the requirements imposed upon a lender are strict. 15 U.S.C. § 1635(i). A mortgage may be rescinded if the lender failed to include a mortgage broker fee in the finance charge, or the finance charge is understated by more than $35. *Id.* In this case, Defendant failed to deliver all "material" disclosures required by the Act and Regulation Z, including the following:

1. By failing to properly and accurately disclose the "amount financed," using that term in violation of Regulation Z § 226.18(b) and 15 U.S.C. § 1638(a)(2)(A).

2. By failing to clearly and accurately disclose the "finance charge," using that term, in violation of Regulation Z §§ 226.4 and 226.18(d) and 15 U.S.C. § 1638(a)(3).

3. By failing to clearly and accurately disclose the "annual percentage rate," using that term in violation of Regulation Z § 226.18(e) and 15 U.S.C. § 1638(a)(4).

In addition, the disclosure statement provided to Plaintiffs violated TILA and Regulation Z in ways including but not limited to: failing to include in the finance charge certain charges imposed by Defendants and payable by Plaintiffs incident to the extension of credit. Such amounts include but are not limited to:

1. a "loan discount fee" in the amount of $11,050,

2. an appraisal fee of $450;

3. a "tax related service fee" of $70,

4. a "flood search fee" of $9,

5. a "lender's processing fee": of $625,

6. a lender's "administrative fee" of $239

7. an application fee of $360,

8. a "settlement or closing fee" of $150,

9. a courier fee of $85

10. a notary fee of $400,

11. title insurance fee of $786.40, and

12. an excessive recording fee of $71.

By improperly including certain charges in the amount financed which are actually finance charges, including but not limited to those described in paragraph immediately preceding. Defendants improperly disclosed the amount financed in violation of 15 U.S.C. § 1638(a)(2) and Regulation Z § 226.18(h).

By calculating the annual percentage rate (APR) based upon improperly calculated and disclosed finance charges and amount financed. 15 U.S.C. § 1606, Regulation Z § 226.22, Defendants understated the disclosed APR in violation of 15 U.S.C. § 1638(a)(4) and Regulation Z § 226.18(c).

Since Plaintiffs properly attempted rescission within the permitted three-year period, Plaintiffs are also entitled to the damages and fees that result from Defendants failure to rescind the mortgage. Thus, Plaintiffs are likely to prevail on their TILA claims against Defendants.

### 2. Michigan Mortgage Brokers, Lenders and Services Act

Upon information and belief, Defendants Ameriquest and WM Specialty are licensed or registered under this Act. The Act provides for damages and attorney fees where a licensee/registrant has failed to provide the required disclosures. As explained above, Defendants did not provide the required disclosures. Defendants are also prohibited from engaging in fraud or material misrepresentations, and charging unreasonable or unnecessary fees. Defendants violated these provisions by failing to conduct business in accordance with the Act and other laws;

intentionally, or with gross negligence, failing to provide Plaintiffs required material disclosures; engaging in fraud, deceit, and/or material misrepresentations in connection with this transaction; charging Plaintiffs fees beyond those that were reasonable, necessary and the expenses actually incurred by Defendants in connection with this transaction; causing Plaintiffs to pay charges more than once for the expenses incurred in connection with this transaction.

Plaintiffs are also likely to prevail on these claims.

### 3. Breach of Fiduciary Duty

Defendants owed Plaintiffs a fiduciary duty, because they held themselves out as licensed mortgage brokers and actively solicited Plaintiffs' business. They invited Plaintiffs' trust and confidence, and knew or should have known that Plaintiffs were unsophisticated consumers. Defendants entered into a fiduciary relationship with Plaintiffs, in which they agreed to obtain a mortgage loan which Plaintiffs could afford to repay, with a principal balance supportable by the actual fair market value of Plaintiffs' home, at the lowest available interest rate. As Plaintiffs' fiduciaries, Defendants owed Plaintiffs duties of loyalty, honesty, good faith, and fair dealing. By the acts described in this Complaint, including but not limited to failing to obtain the lowest available rate, failing to obtain an accurate appraisal of the fair market value of Plaintiffs' home, and failing to arrange a mortgage Plaintiffs could afford, Defendants breached their fiduciary duties to Plaintiffs.

### B.     Plaintiffs will suffer irreparable injury if the injunction does not issue.

Unless Plaintiffs are able to obtain a temporary restraining order and injunction stopping the sheriff's sale, they will suffer irreparable injury for which there is no adequate remedy at law. Plaintiffs stand to lose their home should this sale not be enjoined. If a bona fide purchaser becomes involved at the prospective sheriff's sale, it will be more difficult for this court to do equity for all concerned.

     **C.**     **The potential harm to Plaintiffs without the injunction outweighs any harm to Defendants if the injunction issues.**

Defendants will not suffer any harm if this Court issues the injunction. If the sale is stayed, interest on any amount owed (and not set off as a result of this suit) would continue to accrue.

     **D.**     **The public interest will be served if the injunction is granted.**

There is a strong public interest in preventing foreclosures. "Rules and statutes dealing with redemption are regarded as remedial in character and should be given liberal construction and application to permit a property owner who can pay his debts to do so, and thus make his creditor whole, and save his property". *Birznieks v Cooper*, 405 Mich 391, 330 (1979), quoting *United States v Loosley*, 551 P 2d 506 (Utah, 1976). Where Plaintiffs were placed into an expensive mortgage they could not afford, stopping or limiting the practices involved will benefit others who may face similar dangers.

## Relief Requested

WHEREFORE, Plaintiffs ask this Court grant the following relief:

A.     Grant an ex parte temporary restraining order and a preliminary injunction enjoining any sheriff's sale of the mortgage in question during the pendency of this matter.

B.     Grant such other relief as is just and equitable.

Dated: November 20, 2007          Law Offices of Fred R. Schmerberg

By: _____
               Fred R. Schmerberg (P29895)
               Attorney for Plaintiffs
               209 East Michigan Avenue
               Saline, MI 48176
               (734) 429-4936

# UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

KEVIN P. WHITE AND JULIE A. WHITE,

        Plaintiffs,

    vs.

WM SPECIALTY MORTGAGE LLC,
WITHOUT RECOURSE; AMERIQUEST
MORTGAGE COMPANY, and MICHAEL C.
CAMPBELL d/b/a Campbell Appraisal Service,

        Defendants.

> **Case: 2:08-cv-10137**
> **Judge: Roberts, Victoria A**
> **Referral MJ: Pepe, Steven D**
> **Filed: 01-09-2008 At 04:03 PM**
> **REM WHITE, ET AL V. WM SPECIALTY MO**
> **RTGAGE, LLC, ET AL (TAM)**

---

| | |
|---|---|
| Fred R. Schmerberg (P29895)<br>Law Offices of Fred R. Schmerberg<br>Attorney for Plaintiffs<br>209 E. Michigan Avenue<br>Saline, MI 48176<br>(734) 429-4936 (Phone)<br>(734) 944-0401 (fax) | Thomas M. Schehr (P54391)<br>Dykema Gossett PLLC<br>Attorneys for Defendants<br>  WM Specialty Mortgage LLC and<br>  Ameriquest Mortgage Company<br>400 Renaissance Center<br>Detroit, MI 48243-1668<br>(313) 568-6659 (phone)<br>(313) 568-6658 (fax) |

---

## PROOF OF SERVICE

---

STATE OF MICHIGAN     )
                       ) SS.
COUNTY OF WAYNE     )

Patricia Ann Ward, an employee of Dykema Gossett PLLC, being first duly sworn,

deposes and says that on the 9th day of January, 2008, she served a copy of the **Civil Cover**

**Sheet, Notice of Removal, and this Proof of Service** upon Fred R. Schmerbert, Esq., at Law

Offices of Fred R. Schmerbert, 209 E. Michigan Avenue, Saline, MI 48176, by enclosing copies

of the same in an envelope properly addressed, and by depositing said envelope in the United

States Mail with postage thereon having been fully prepaid.

Patricia Ann Ward

Subscribed and sworn before
me this 9th day of January, 2008.

_____
Notary Public
My Commission Expires:

DET01\590060.1
ID\TMS

PAMELA J.D. KOSELKY
NOTARY PUBLIC STATE OF MI
COUNTY OF MACOMB
MY COMMISSION EXPIRES Nov 20, 2011
ACTING IN COUNTY OF Wayne

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

County in which this action arose **Lenawee**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
KEVIN P. WHITE and JULIE A. WHITE

## DEFENDANTS
WM SPECIALTY MORTGAGE LLC, WITHOUT RECOURSE; AMERIQUEST MORTGAGE COMPANY, and MICHAEL C. CAMPBELL d/b/a Campbell Appraisal Service

(b) County of Residence of First Listed Plaintiff **Lenawee**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) **(734) 429-4936**
Fred R. Schmerberg (P29895) Law Office of Fred Schmerberg, 209 E. Michigan Ave, Saline MI 48176

Attorneys (If Known) **(313) 568-6659**
Thomas M. Schehr (P54391) Dykema Gossett PLLC 400 Renaissance Center, Detroit, MI 48243

## II. BASIS OF JURISDICTION (Select One Box Only)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)

Case: 2:08-cv-10137
Judge: Roberts, Victoria A
Referral MJ: Pepe, Steven D
Filed: 01-09-2008 At 04:03 PM
REM WHITE, ET AL V. WM SPECIALTY MO
RTGAGE, LLC, ET AL (TAM)

DEF
☐ 4
☐ 5
☐ 6

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Determination Under |
| | Employment | ☐ 550 Civil Rights | | | Access to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

480

## V. ORIGIN (Select One Box Only)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**15 USC 1601**
Brief description of cause:
**Alleged violation of truth in lending act**

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE

DOCKET NUMBER

DATE **1/9/08**
SIGNATURE OF ATTORNEY OF RECORD *Thos M. Sch*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1.         Is this a case that has been previously dismissed?         ☐ Yes

                                                                                        ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.         Other than stated above, are there any pending or previously
discontinued or dismissed companion cases in this or any other   ☐ Yes
court, including state court? (Companion cases are matters in which
it appears substantially similar evidence will be offered or the same   ☒ No
or related parties are present and the cases arise out of the same
transaction or occurrence.)

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :